UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Case No. 13-22620-JKO
Chapter 13

JULIE CURRY REID,

____________ Debtor. ___/

**MOTION FOR RULE TO SHOW CAUSE FOR VIOLATION OF AUTOMATIC STAY AND CREDITOR MISCONDUCT**

Plaintiff/Debtor, JULIE CURRY REID, by and through her undersigned counsel, hereby moves the court for a rule to show cause order for Defendants, TROY REID JR and ROBERT HETSLER (herein collectively referred to as "Defendants"), requiring Defendants to show why the State Qualified Domestic Relations Order (QDRO) should not be cancelled without stay relief and for damages for such violation and alleges the following:

**FACTS**

1. On or about April 29, 2013 the 17th Circuit Court for Broward County entered a Corrected Final Judgment of Dissolution of Marriage which did not award any

monies but simply distributed the parties' property and granted the dissolution of marriage (Exhibit "A").

2. On or about May 29, 2013, Plaintiff filed a Voluntary Petition for Chapter 13 Bankruptcy (Exhibit "B").

3. On or about June 6, 2016 a Qualified Domestic Relations Order (QDRO) was entered relating to a divorce proceeding ordering Plaintiff to pay $644.54 per month from her Florida Retirement System pension plan (FRS) to Defendant (Exhibit "C").

4. On or about September 9, 2013 Defendant TROY REID accepted the Chapter 13 Bankruptcy filing by filing a Claim and has been getting paid from the Bankruptcy Estate (Exhibit "D"). This would have the effect of Defendant impermissibly receiving "double payments" by receiving payments from the bankruptcy estate *and* via the QDRO for the FRS.

5. The provision of the QDRO ordering Plaintiff to pay $644.54 a month from her FRS is in direct contravention to § 362 of the U.S. Code.

**COUNT 1: AUTOMATIC STAY APPLIES TO THE DEFENDANT**

6. §362 stays action to collect a debt. § 362(a) specifically protects Plaintiff from: "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" **and/or** "any act to obtain possession of property of the estate or of property from the estate or to exercise control over

property of the estate" **and/or** "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title".

7. Furthermore, § 362(b) states that although the filing of the bankruptcy petition does not operate as a stay for the dissolution of marriage, an exception exists to the extent that such proceeding seeks to determine the division of property that is part of the bankruptcy estate. See § 362(b)(2)(A)(iv).

8. Any portion of the state court's order which pertains to division of property in which the debtor has an interest will be held void *ab inito* in the Eleventh Circuit. See Borg-Warner Acceptance Corp v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982); U.S v. White, 466 F. 3d 1241, 1244 (11th Cir. 2006).

9. Defendant TROY REID has accepted the Chapter 13 relief by filing a claim and has been getting paid from the bankruptcy estate and therefore is estopped, pursuant to Federal Bankruptcy Law, from claiming payment benefits from the FRS pursuant to the QDRO.

**COUNT II: VIOLATION OF THE STAY WAS WILLFUL**

10. Defendants have acted with blatant disregard to court rules and procedures.

11. Based on Defendants' actions of deliberately going to family court and seeking QDRO which affects the Plaintiff's FRS *after* Plaintiff filed for bankruptcy, violates the automatic stay in place for Plaintiff and therefore Defendant TROY REID is estopped from claiming benefits from the FRS pursuant to the QDRO.

12. A willful violation of the automatic stay occurs when the creditor knew that the

stay had been invoked and deliberately intended the action that violated the stay (*In re Hedetneimi* 297 B.R. 837 Bkrtcy. M.D. Fla. 2003).

**COUNT III: PLAINTIFF WAS INJURED BY DEFENDANT'S CONDUCT**

13. Defendants willfully sought a QDRO in regard to the FRS with the intent to injure Plaintiff.

14. Plaintiff filed for bankruptcy and believed she was relieved from the pressure and harassment from Defendants seeking claims to the FRS benefits.

15. However, Defendants failed to abide by the automatic stay and has caused Plaintiff to incur attorney's fees, costs, and suffer emotional distress.

**WHEREFORE,** § 362(k)(1) provides that the court shall award an individual their costs, attorneys' fees, in addition to actual damages. The Plaintiff's damages include: Plaintiff's out-of-pocket expenses to cover the filing fee, attorneys' fees, loss of time from personal and professional life while trying to resolve this issue, annoyance, and added anxiety to the bankruptcy proceeding. Since actions taken in violation of the stay are void *ab initio,* the court is urged to find Defendant in violation of the stay and damages should be awarded to Plaintiff.

Respectfully submitted,

Paul E. Gifford, Esq.
Law Office of Paul E. Gifford Chartered
Attorney for Debtor, Julie Curry Reid
1975 East Sunrise Boulevard
Suite 506
Fort Lauderdale, FL 33304
Telephone: (954) 525-0702
Facsimile: (954) 525-4009
Email: lopeg@bellsouth.net
Email: paulegiffordesq@gmail.com

By: //s// Paul E. Gifford
Paul E. Gifford, Esq.
Fla. Bar No. 028613

## CERTIFICATE OF ATTORNEY

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

Paul E. Gifford, Esq.
Law Office of Paul E. Gifford Chartered
Attorney for Debtor, Julie Curry Reid
1975 East Sunrise Boulevard
Suite 506
Fort Lauderdale, FL 33304
Telephone: (954) 525-0702
Facsimile: (954) 525-4009
Email: lopeg@bellsouth.net
Email: paulegiffordesq@gmail.com

By: //s// Paul E. Gifford
Paul E. Gifford, Esq.
Fla. Bar No. 028613

**CERTFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this Motion has been furnished to Robin R. Weiner, Chapter 13 Trustee, P. O. Box 559007, Fort Lauderdale, FL 33355 [Telephone: 954-382-2001] ecf@ch13weiner.com; ecf2@ch13weiner.com and All Parties on the attached Service List this 23 day of August, 2016.

Respectfully submitted,

Paul E. Gifford, Esq.
Law Office of Paul E. Gifford Chartered
Attorney for Debtor, Julie Curry Reid
1975 East Sunrise Boulevard
Suite 506
Fort Lauderdale, FL 33304
Telephone: (954) 525-0702
Facsimile: (954) 525-4009
Email: lopeg@bellsouth.net
Email: paulegiffordesq@gmail.com

By: //s// Paul E. Gifford
Paul E. Gifford, Esq.
Fla. Bar No. 028613

SERVICE LIST

SEE ATTACHED SERVICE LIST TO CREDITORS

Label Matrix for local noticing
113C-0
Case 13-22620-JKO
Southern District of Florida
Fort Lauderdale
Tue Aug 23 09:37:42 EDT 2016

ECMC
PO Box 16408
St. Paul, MN 55116-0408

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

PRA Receivables Management LLC
POB 41067
Norfolk, VA 23541-1067

TD Auto Finance LLC
c/o Bert Echols
1000 Ridgeway Loop Rd #200
Memphis, TN 38120-4036

ACS
PO BOX 7051
Utica, NY 13504-7051

ACS/USbank
501 Bleecher St.
Utica, NY 13501-2401

AT & T
PO BOX 105503
Atlanta, GA 30348-5503

American Express
PO BOX 981537
El Paso, TX 79998-1537

Arkansas National Bank
26525 N Riverwoods Blvd
Mettawa, IL 60045-3440

Asset Acceptance Corp
PO BOX 2036
Warren, MI 48090-2036

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

BellSouth Telecommunications, Inc.
% AT&T Services, Inc
Karen Cavagnaro, Paralegal
One AT&T Way, Room 3A231
Bedminster, NJ 07921-2693

Beneficial/HFC
PO BOX 9068
Brandon, FL 33509-9068

CBUSA/Sears
Citi Cards
8725 W Sahara Ave
The Lakes, NV 89163-0001

Cach, LLC
4340 S Monaco St
Denver, CO 80237-3581

Cach, LLC
4340 S Monaco St 2nd floor
Denver, CO 80237-3485

(p)CHRYSLER FINANCIAL
27777 INKSTER RD
FARMINGTON HILLS MI 48334-5326

Cindy Dawn Sackrin, Esq.
2100 E Hallandale Blvd
Hallandale, FL 33009-3765

Citibank NA Student Loan
PO BOX 22876
Rochester, NY 14692-2876

Consolidated Resorts, Inc.
Concord Servicing
801 S Rampart Blvd #200
Las Vegas, NV 89145-4898

Fairfield Pier Club LLC dba The Ashlar
8440 Sherman Circle N. #B-101
Miramar, FL 33025-2142

Felipe R Martin, D.D.S., P.A.
Pines Professional Campus
17868 NW 2St
Hollywood, FL 33029-2806

Financial Recovery Services
PO BOX 385908
Minneapolis, MN 55438-5908

GECRB/JCPenneys
Po Box 965005
Orlando, FL 32896-5005

IRS
PO BOX 309011
Memphis, TN 38130-9011

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JC Penney
PO BOX 960090
Orlando, FL 32896-0090

Law Offices of Paul E. Gifford Chartered
1975 E Sunrise Blvd, Suite 506
Fort Lauderdale, FL 33304-1409

Nelnet Loan Services
3015 S Parker Rd #425
Aurora, CO 80014-2904

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Regions Bank
Credit Information Dept
Po Box 10063
Birmingham, AL 35202-0063

(p)SPRINGLEAF FINANCIAL SERVICES
P O BOX 3251
EVANSVILLE IN 47731-3251

Salgra Dental Group Inc.
7861 Pines Blvd
Pembroke, FL 33024-6916

Spingcastle Finance Funding Trust
c/o HSBC Bank USA, N.A.
PO BOX 1231
Brandon, FL 33509-1231

TD Auto Finance
PO BOX 9001921
Louisville, KY 40290-1921

TD Auto Finance LLC
Trustee Lockbox
P.O. Box 9001897
Louisville, KY 40290-1897

THD/CBNA
Po Box 6497
Sioux Falls, SD 57117-6497

The Asny Company, LLC
801 S Rampart Blvd
Suite 200
Las Vegas, NV 89145-4898

Troy Reid
1300 SW 125 Ave #110K
Pembroke Pines, FL 33027-1962

US Bank on behalf of MHEAC d/b/a ASA
c/o MHEAC d/b/a ASA
100 Cambridge Street, Suite 1600
Boston, MA 02114-2518

Wells Fargo Financial
Sresg Mac N0008-010
4143 121st St
Urbandale, IA 50323-2310

West Asset Management, Inc.
7171 Mercy RD
Saint Louis, MO 63179

Zales/CBSD
PO BOX 6497
Sioux Falls, SD 57117-6497

Julie Curry Reid
8520 N Sherman Cir #101B
Miramar, FL 33025-2166

Paul E Gifford
1975 E Sunrise Blvd #506
Ft. Lauderdale, FL 33304-1409

Robin R Weiner
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355-9007

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
PO Box 7999
St Cloud, MN 56302

Bank of America
4161 Piedmont Pkwy
Greensboro, NC 27410
Bank of America
PO BOX 982235
El Paso, TX 79998

Chrysler Financial
Credit Dispute
27777 Inkster Rd
Farmington, MI 48334

IRS
PO BOX 80110
Cincinnati, OH 45280

(d)Jefferson Capital Systems LLC
PO BOX 7999
SAINT CLOUD MN 56302-9617

Portfolio Recovery
120 Corporate Blvd
Norfolk, VA 23502

(d)Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

(d)Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541

SPRINGLEAF FINANCIAL SERVICES
PO BOX 971
EVANSVILLE, IN 47706

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)PRA Receivables Management, LLC
PO Box 41067
Norfolk, VA 23541-1067

(d)ECMC
PO BOX 16408
ST. PAUL, MN 55116-0408

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 47 |
| Bypassed recipients | 2 |
| Total | 49 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Case No. 13-22620-JKO
Chapter 13

JULIE CURRY REID,

Debtor. /

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

IN RE: The Marriage of

JULIE CURRY-REID

Petitioner/Wife,

CASE NO. 10-07270 (40)(91)

JUDGE GEHL

and

TROY REID,JR.

Respondent/Husband.

______________________________/

## CORRECTED
## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

**THIS CAUSE** came on before the undersigned to be heard on May 14, 2012, upon the Petitioner/Wife's Petition for Dissolution of Marriage and Other Relief, and the Respondent/Husband's Counter-Petition for Dissolution of Marriage and Other Relief, and the Court having heard sworn testimony of the parties, arguments of counsel, having reviewed the exhibits and applicable case law, and being otherwise fully advised in the premises, does hereby make the following findings of fact:

1. The Court has jurisdiction of the parties hereto and the subject matter hereof. Both parties had been residents of the State of Florida for more than six (6) months prior to the filing of the petition and counter-petition herein.

2. The parties were married to each other on February 7, 1998, and separated on May 3, 2010. As of the date the Petition for Dissolution was filed, June 2, 2010, the parties were married 12.33 years. As of the date of the final hearing, May 14, 2012, the parties were married 14.25 years.

3. The marriage between the parties is irretrievably broken.

4. As of the date of the final hearing, Husband was 74 years old and retired; Wife was a working person and 56 years old. There are no children born of this marriage and none are contemplated.

5. The Wife is employed by the Broward County Sheriff's Office and, as a second job, works in marketing for a radio station. In 2011, she earned approximately **$75,560** gross income.

6. The Husband was retired when the parties married. He receives a pension of $1,178.00/month from the United States Military. He also receives a pension of $3,835.00/ month from the New Jersey State Police. Both of these pensions are non-marital. Additionally, Husband receives

social security benefits of $1,060.00/month. Husband's gross income per year is approximately **$72,876**. Husband also owns a non-marital IRA and a non-marital CD.

7. During the marriage, the Husband participated in the Survivor Benefit Plan (SBP) coverage, naming the Wife as a beneficiary of the Husband's Military Retirement Plan. Evidence showed that divorce terminates the beneficiary designation unless Husband elects otherwise. Husband testified he does not wish to voluntarily continue the Wife's coverage of SBP benefits.

8. Petitioner/Wife is an active participant in the Florida Retirement System (FRS). Wife was active prior to the marriage, and has been active during the term of the marriage. This factor was considered in determining Husband's award of Wife's pension benefits.

9. Husband is in poor health. In 1988, he received injuries from a car accident while working for the New Jersey State Police, which led to his retirement at approximately age 50. He has had several surgeries including removal of his thyroid, a kidney, his appendix and his gall bladder. These factors were considered when determining an inequitable distribution of assets.

10. No health problems were reported by the Wife. This factor was considered in determining an inequitable distribution of assets.

11. During the term of this marriage, the parties maintained separate personal bank accounts along with one joint account for payment of household bills. All monies earned by either party during the marriage become marital property.

12. The parties purchased a home together in Pembroke Pines, Florida. Each party provided $10,000.00 toward the down payment. The mortgage amount was $1,500.00/month which amount was paid equally by the parties. Household expenses were $3,200.00/month, which were also shared equally. The parties lived in the marital home for ten (10) years.

13. In 2004, the Wife encouraged the Husband to open a business named JD's Beauty Salon & Spa. Each party would be a one-half owner. To fund the business, Husband borrowed $16,450.00 from his grandchildren's savings. Wife testified she invested $17,000.00 of her personal funds but could provide no evidence of this investment. The parties entered into an agreement dated June 8, 2004, (Respondent/ Husband's Exhibit "4" into evidence), wherein each party

would first be reimbursed his/her initial investment out of net profits, and thereafter, all profits would be shared equally. Said agreement memorializes that $16,450.00 of said start-up costs would be borrowed from Respondent/ Husband's grandchildren's savings. An undated start-up expense report was prepared by the Petitioner/Wife (Husband/ Respondent's Ex. "3" in evidence). The report reflected $28,301.91 in start-up expenses, of which $16,450.00 came from Respondent/Husband. The conclusion reached by the Court is that Wife invested $11,851.91, not the $17,000.00 to which she testified, pursuant to her own exhibit. The initial investment included hard goods:

a. Salon equipment- $7,065.01.

b. Mirrors- $1,000.00.

c. Spa chair- $2,319.95.

d. Massage Table- $898.69.

The total of the above hard goods investment was $11,283.65. Additionally, Husband testified that he charged $22,000.00 on his American Express card to further fund the business. Husband's total investment in the business equals $38,450.00. There was no evidence as to Wife's total investment other than her testimony of $17,000.00, which the court disallows and substitutes $11,851.91 as

her initial investment. There was no evidence of any "net profits" or reimbursements from profits back to the parties.

14. JD's Spa failed. Wife testified it cost $10,000.00 to close the business.

15. Upon the spa's failure, the Wife removed the hard goods and stored them into three (3) storage bins. However, the Wife could only account for $1,500.00 worth of items left in storage as of the date of the final hearing (Respondent/Husband's Ex. "5" into evidence). Petitioner testified she sold the styling chairs for $600; the manicure tables for $300; the manicure chairs for $150; and four (4) mirrors for $400, totaling $1,450.00. Wife kept the money from these sales. Husband is entitled to one-half of these sales, or **$725.00**, plus one-half of the value of the items still left in Wife's storage bin, or an additional **$750.00**.

16. During the marriage, also at Wife's encouragement, the parties opened another business-- a travel agency business named Premier Traveling International. It was presumed by the Court that the parties were to share in the debts and profits of this business equally. Husband testified he invested $5,000.00

into this business. There was no evidence as to how much the Wife invested. This business also failed. Husband is entitled to one-half of his investment from Wife, or **$2,500.00**.

17. At some point, the parties entered into a reverse mortgage agreement on the marital home. The parties received $33,000.00 in proceeds from the reverse mortgage. Wife testified that Husband received $23,000.00 from these funds, which amount Husband had borrowed from his grandchildren's savings. Wife received $10,000.00, which amount she testified was to be used to close the parties' spa and salon business. There was no proof of said $10,000.00 payments. Evidence showed that Husband invested $38,450.00 into the spa business and received $23,000.00 from the reverse mortgage for a total loss of $15,450.00. Wife invested $11,851.91 into the spa business and received $10,000.00 from the reverse mortgage for a total loss of $1,851.91. Wife owes Husband **$13,598.09** to equal the parties losses at $15,450.00 each, pursuant to their agreement.

18. The marital home was sold on September 17, 2010. The mortgage amount was higher than the sales price of $275,000.00. There were no net proceeds at the closing to

distribute to the parties. There was no closing statement provided.

19. The Wife and her son by a prior relationship enjoyed the exclusive use and possession of the marital home after the date of separation, May 3, 2010, up to the sale of the home on September 17, 2010. During this time Husband had to find and provide for his own housing. Evidence showed that, without notice, Wife changed the locks on the house, and, at 72 years of age, Husband was forced to find housing alternate housing. The Wife enjoyed exclusive use and possession of the home for approximately 4.5 months, the value of which is $6,750.00. This amount is calculated by the amount spent monthly by both parties for the mortgage ($1,500.00). Husband is entitled to one-half of this amount, or **$3,375.00** from the Wife, which is the value of the loss of use and occupancy of the marital home for 4.5 months to the Husband. Evidence showed that Wife did not pay most of the maintenance payments during this time.

20. While Wife enjoyed exclusive use and sole possession of the marital home, she removed certain jointly-owned items therefrom and placed them into storage. These items included a sofa, purchased for $2,500.00, a designer

coffee table purchased for $1,000.00, a designer rug purchased for $400.00, and a 48" TV purchased for $2,250.00, which TV was purchased with settlement proceeds from a joint State Farm insurance claim. (Resp. Ex. "1"). The parties did not agree upon distribution of property. Husband testified he wanted the coffee table and the TV. What Husband actually received was his old furniture which he brought into the marriage.

21. Evidence showed that Respondent/Husband did not receive his gun which he valued at $900.00, his jewelry which he valued at $6,000.00, or his tools. There was no evidence as to the value of his tools. Husband is entitled to the value of his gun or **$900.00**. The jewelry is lost or stolen.

22. The Husband provided proof of payments in the amount of $17,922.00 for reasonable repairs and past due bills he had to pay to prepare the marital home for sale. These bills included payments for the alarm system, the pool, the reverse mortgage payment, the electric bill, real estate taxes, shutters, and closing costs. The Wife is responsible for fifty per cent (50%) of these expenses, or **$8,960.00**, which she must pay the Husband.

23. There was an accusation by Husband that Husband's jewelry was stolen by Wife's son, a convicted felon, who occupied the marital home before and after the couple's separation. Husband testified that this son, by Wife's previous marriage, had been caught with Husband's anti-wrinkle cream, taken out of Husband's bedroom. The jewelry theft was unfounded by police. There was evidence that Wife's wedding ring was stolen also, and that she recovered on an insurance claim. No insurance claim was made for Husband's missing jewelry.

24. Husband testified one of the reasons for the failure of the spa business and travel business was because of Wife's gambling addiction, wherein she dissipated joint assets. Husband produced as composite exhibits "7" and "8" copies of Wife's City County Credit Union statements for the years 2008 and 2009. The statements contain hundreds of ATM cash withdrawals from what appear to be casinos located in Broward County. There are many withdrawals that occur on the same day and several withdrawals that occur on subsequent days. Wife admitted to these cash withdrawals but testified she only plays the penny slots. Wife admitted she used her salary to pay for her gambling. She could not estimate how much she has lost gambling. The

court finds that the Wife used marital funds for her own benefit, unrelated to the marriage, and dissipated joint assets through intentional misconduct of gambling. This is a factor considered by the court in determining inequitable distribution of assets.

25. During the marriage, the parties purchased two timeshares: (1) the Westgate timeshare located in Orlando, Florida, and (2) the Las Vegas timeshare. The Westgate timeshare was purchased for $13,000.00. Husband paid for the entire timeshare. There is no mortgage on said timeshare but there may be a tax liability. The Las Vegas timeshare was purchased with a $900.00 down payment from the Husband. Wife testified that she makes payments on the Las Vegas timeshare of $145.00/month, and also pays the real estate taxes of $250.00/year. Wife testified that this was a gift to her from her Husband.

26. By a previous marriage, Husband has a special-needs son, who is his legal dependent. During the marriage, Husband purchased a condominium at Star Lake in Miami, Florida for $22,000.00 to house this son. Evidence showed that Husband paid for this condominium from his non-marital IRA funds. Husband alone pays all expenses for this condominium, and his special-needs son lives there.

This condominium was purchased during the marriage and is a marital asset.

27. Evidence showed that the Wife has $26,000.00 in student loans, which she admits is solely her debt. She also admits her personal credit card debt is hers alone.

28. The Husband drives a 2010 Toyota Prius titled in his name alone. The Wife drives a 2008 Chrysler Sebring titled in her name alone.

29. Evidence showed that Respondent/Husband purchased a residence, Cambridge At Century Village #3 Condo Unit 110, Bldg. K, on December 23, 2011, with $50,000.00 he personally borrowed from a friend. (Respondent/Husband's Ex. "17" into evidence). This condominium was purchased during the marriage and is a marital asset.

30. Both parties requested alimony from the other. Evidence showed that because the parties' income is nearly equal, neither party has the need for alimony from the other.

31. However, because of the factors outlined above, there is a legal and factual basis for an inequitable distribution of assets in favor of the Husband.

**WHEREFORE**, it is thereupon

**ORDERED AND ADJUDGED** as follows:

A. The Petition for Dissolution of Marriage is hereby **GRANTED**. The marriage is hereby dissolved and the parties are restored to the status of single.

B. The Wife's request for alimony is hereby **DENIED**. The Husband's request for alimony is hereby **DENIED**. Due to the extraordinary and disproportionate contributions Husband made during this marriage, especially for Wife's business ventures; and, because of Wife's intentional financial misconduct of gambling with the parties' joint assets during the marriage; and, due to the Husband's age and poor health; and, due to the Wife's stable income, good health and youth, Wife is ordered to return to Husband the the $1,000.00 coffee table, and the $2,250.00 48" TV within fifteen (15) days of the date hereof; and, to pay Husband a lump sum cash amount of **$30,808.09** (the sum of paragraphs 15, 16, 17, 19, 21, and 22 above), which shall be paid to Husband on or before October 18, 2013.

C. The Husband is hereby awarded fifty per cent (50%) of the Wife's FRS pension to be valued as of the date of final hearing, May 14, 2012. Wife shall pay the cost of the QDRO. This Court reserves jurisdiction to enter any and all required and necessary QDRO orders to implement this entitlement.

I. The Husband is awarded his military retirement pension and New Jersey State Police pension, both of which are non-marital.

J. The Wife is awarded the Las Vegas timeshare. She is responsible for any and all outstanding and future maintenance fees, special assessments, and taxes. Husband shall provide Wife with a quitclaim deed within thirty (30) days relinquishing any right, title, or interest he may claim unto said property.

K. Husband is awarded the Westgate timeshare. Husband is responsible for any and all outstanding and future maintenance fees, special assessments and taxes. Wife shall provide Husband with a quitclaim deed within thirty (30) days relinquishing any right, title, or interest she may claim unto said property.

L. Each party shall bear his or her own costs, attorneys' fees, and individual income taxes.

M. Each party shall be responsible for his or her own credit card bills.

O. Wife is solely responsible for her student loans.

P. Husband is awarded the Toyota Prius and Wife is awarded the Chrysler Sebring. Each party shall sign appropriate documents or certificates of title in order to transfer ownership if necessary.

Q. This Court retains jurisdiction over the parties and the subject matter hereof to enter such other and further orders as it deems just and proper.

**DONE AND ORDERED** this _____ day of April, 2013, at Fort Lauderdale, Broward County, Florida, nunc pro tunc to January 18, 2013.

PEGGY GEHL

APR 29 2013

A TRUE COPY

CIRCUIT JUDGE

cc: Cindy D. Sackrin, Esq.
Paul E. Gifford, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Case No. 13-22620-JKO
Chapter 13

JULIE CURRY REID,

____________Debtor.____/

# EXHIBIT "B"

B1 (Official Form 1)(04/13)

# United States Bankruptcy Court
## Southern District of Florida

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Reid, Julie Curry** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all) **xxx-xx-0642** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): **8520 N Sherman Cir #101B Miramar, FL** ZIP Code **33025** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP Code |
| County of Residence or of the Principal Place of Business: **Broward** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |

Location of Principal Assets of Business Debtor (if different from street address above):

**Type of Debtor** (Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Reid, Julie Curry** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

X **/s/ Paul E Gifford** **May 29, 2013**
Signature of Attorney for Debtor(s) (Date)
**Paul E Gifford 28613**

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

(Name of landlord that obtained judgment)

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Reid, Julie Curry**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Julie Curry Reid**
Signature of Debtor **Julie Curry Reid**

X ______________________
Signature of Joint Debtor

______________________
Telephone Number (If not represented by attorney)

**May 29, 2013**
Date

### Signature of Attorney*

X **/s/ Paul E Gifford**
Signature of Attorney for Debtor(s)

**Paul E Gifford 28613**
Printed Name of Attorney for Debtor(s)

**Law Office of Paul Gifford, P.A.**
Firm Name

**1975 E Sunrise Blvd**
**Ste. 506**
**Fort Lauderdale, FL 33304**

Address

**Email: Lopeg@bellsouth.net**
**954-525-0702 Fax: 954-524-4009**
Telephone Number

**May 29, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Authorized Individual

______________________
Printed Name of Authorized Individual

______________________
Title of Authorized Individual

______________________
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ______________________
Signature of Foreign Representative

______________________
Printed Name of Foreign Representative

______________________
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

______________________
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

______________________
Address

X ______________________

______________________
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Case No. 13-22620-JKO
Chapter 13

JULIE CURRY REID,

Debtor. /

# EXHIBIT "C"

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

IN RE: The Marriage of

**Julie Curry-Reid,**
Petitioner/Former Wife,

and CASE NO. FMCE10007270 (40)

**Troy Reid Jr,**
Respondent/Former Husband.
_______________________________/

QUALIFIED DOMESTIC RELATIONS ORDER

THIS CAUSE came before the Court for entry of a Qualified Domestic Relations Order (hereinafter referred to as QDRO). The parties were married on **February 7, 1998**. A Final Judgment of Dissolution of Marriage was entered in this case on **May 14, 2012** which reserved jurisdiction for entry of a QDRO.

Pursuant to the Final Judgment of Dissolution of Marriage, the Court finds that the Former Husband, **Troy Reid Jr.** is entitled to a marital portion of the Former Wife, **Julie Curry-Reid's** retirement benefits under the Florida Retirement System Pension Plan as of **May 14, 2012 valuation,** as part of the equitable distribution of marital assets. Pursuant to Section 414(p) of the Internal Revenue Code of 1986, as amended, Section 222.21 of the Florida Statutes, Chapter 61 of the Florida Statutes, it is therefore,

ORDERED and ADJUDGED:

1. The term "Participant" means the Former Wife, **Julie Curry-Reid**, Social Security xxx-xx-**0642**, whose current address is **8520 N. Sherman Circle, B101, Miramar, Florida 33025,** and who is a participant under the Florida Retirement System through **Broward**

**Sheriff's Office**, employer of **Julie Curry-Reid.** Participant is retired and is accruing monthly benefit payments under the Deferred Retirement Option Program (DROP).

2. The term "Alternate Payee" means **Troy Reid, Jr.** the former spouse of the Participant, Social Security Number xxx-xx-**6126**, whose current address is **1300 S.W. 125th Avenue, Apt k110, Pembroke Pines, Florida 33027.**

3. The term "Plan" shall refer to the Florida Retirement System Pension Plan.

4. This Order is drawn pursuant to the laws of the State of Florida regarding the equitable distribution of marital property (as that term is defined therein) between spouses in an action for dissolution of marriage.

5. The Participant is accruing monthly benefits in the Deferred Retirement Option Program (DROP). The **Former Husband, Troy-Reid, Jr.,** is hereby awarded **$644.54** per month, as a reduction from each monthly benefit payment payable to the Former Wife, **Julie Curry-Reid,** from the Plan. This monthly reduction payment shall be payable beginning with the first monthly benefit payable to the participant in DROP, and which monthly payment will continue to be paid in a like amount each month thereafter in which Participant is entitled to receive a monthly benefit payment from the Plan which exceeds that amount until Participant or Alternate Payee dies, whichever occurs first.

6. The Alternate Payee's share of Participant's DROP benefit will be deposited in a separate DROP account where it shall earn interest at the same rate as the Participant's share. The accrued benefits and interest will be released to the Alternate Payee when the Participant's participation in the DROP terminates, regardless of whether Participant elects to have all or a portion of **Julie Curry-Reid's** share rolled over into another eligible investment vehicle (401-K, IRA, etc.) or takes a lump sum payment.

7. The payments being ordered herein are being paid as a property right and not as support.

8. The parties agree that the Plan Administrator shall increase the amount payable each month to the Alternate Payee based upon the Alternate Payee's share of any cost of living adjustment (COLA) received by the Participant. COLAs are made at the start of each fiscal year, which is currently the month of July. After the time the Participant receives any COLA and until the Plan Administrator commences payment to the Alternate Payee, **Troy Reid, Jr.,** the Participant shall pay directly to the Alternate Payee the Alternate Payee's proportionate share of the COLA.

9. The Plan Administrator, the Director of the Division of Retirement of the State of Florida, is hereby ordered and directed to make the payments provided for herein until either the Participant or Alternate Payee dies, whichever occurs first. **Upon the death of the Participant or the Alternate Payee, this QDRO becomes null & void.**

10. Copies of this Order shall be served by U.S. Mail by **Julie Curry-Reid,** Participant, to the Plan Administrator and Legal Office at P. O. Box 9000, Tallahassee, Florida 32315-9000, and with a certificate of service to **Robert Hetsler, Esq.**, as attorney for the Alternate Payee and to **Troy Reid, Jr.,** Alternate Payee.

11. This Order does not require the Plan to provide any type or form of benefit, or any option, not otherwise provided under the Plan; does not require the Plan to provide increased benefits; and does not require the payment of benefits to an Alternate Payee under another Order previously determined to be a QDRO.

12. All payments to the Alternate Payee shall be made payable to the Alternate Payee at **1300 SW 125th Avenue, Apt k110, Pembroke Pines, Florida 33027.** It is the duty of the

Alternate Payee to advise the Plan Administrator (Retired Payroll Section), in writing, of any change of address. The Division of Retirement is not responsible for any loss incurred by the Alternate Payee due to a change of address, of which the Division is not advised.

13. The Court retains jurisdiction to amend this Order for the purpose of establishing or maintaining its qualifications as a QDRO.

14. This Order shall supersede any previous Order in this cause seeking deduction payments from the Plan Administrator, or from the Florida Retirement System, or from the Division of Retirement of the State of Florida and each is hereby absolved and released from any liability or responsibility under such prior Order in this cause.

15. Except as modified by this Order, all provisions set forth in the Final Judgment of Dissolution of Marriage dated **May 14, 2012** shall remain in full force and effect.

DONE AND ORDERED in Chambers in **Fort Lauderdale, Broward County,** Florida this

________day of ____________, **2016.**

Merrilee Ehrlich

JUN 06 2016

A TRUE COPY

______________________________
**Circuit Judge**

Copies furnished to:

Paul E. Gifford, Esq.
1975 E. Sunrise Blvd #506,
Fort Lauderdale Florida 33304

Robert Hetsler, Esq
1980 S. Georgia Parkway Way
Cross Georgia 31501

Clerk of the Circuit Court
201 S.E. 6th Street
Fort Lauderdale, Florida 33301

Plan Administrator
Division of Retirement
P. O. Box 9000
Tallahassee, Florida 32315-9000

Julie Curry-Reid
8520 N. Sherman Circle
B101
Miramar, Florida 33025

Troy Reid, Jr.
1300 S.W. 125th Avenue
Apt k110
Pembroke Pines, Florida 33027

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

JULIE CURRY REID,

Debtor. /

Case No. 13-22620-JKO
Chapter 13

# EXHIBIT "D"

B10 (Official Form 10) (04/13)

UNITED STATES BANKRUPTCY COURT Southern District of Florida

**PROOF OF CLAIM**

Name of Debtor: JULIE CURRY REID

Case Number: 13-22620

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): TROY REID

Name and address where notices should be sent:

1300 SW 125 Avenue, #110k
Pembroke Pines, FL 33027-1962

Telephone number: 9542579216 email: troyreid@comcast.com

Name and address where payment should be sent (if different from above):

Telephone number: email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**__________
(*If known*)

Filed on:__________

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 30,808.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

FLED 13SEP20PM01:40USBCSDFL

**2. Basis for Claim:** Final Judgment for Dissolution of Marriage
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| 0642 | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property: $**__________

**Annual Interest Rate**____**%** ☐ Fixed or ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$__________

**Basis for perfection:** __________

**Amount of Secured Claim:** $__________

**Amount Unsecured:** $__________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$__________

**Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: TROY REID
Title:
Company:
Address and telephone number (if different from notice address above):

1300 SW 125 Avenue, #110k
Pembroke Pines, FL 33027-1962
Telephone number: 9542579216 email: troyreid@comcast.com

Troy Reid (Signature) 9-20-2013 (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.